UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

TONY KIM WHITE,

                  Plaintiff,

      v.

KIMBERLY JOHANSSON, BERNIE
WARNER,

                 Defendant.

CASE NO. C14-5226 RJB-KLS

ORDER GRANTING PLAINTIFF'S
MOTION TO FILE AN AMENDED
COMPLAINT AND DENYING
PLAINTIFF'S MOTION FOR
TELEPHONIC HEARINGS

This matter has been referred to United States Magistrate Judge Karen L. Strombom

pursuant to 28 U.S.C. § 636(b)(1), Local Rules MJR 3 and 4, and Fed. R. Civ. P. 72.  The case is

before the undersigned for consideration of Plaintiff's motion to hear all future motions

telephonically and his motion to amend the complaint.  Dkt. 14 and 16.

       A.      Telephonic hearings.

       Plaintiff's first motion is a motion for telephonic hearing on all future motions.  Dkt.

14.  Local Civil Rule 7(b)(4) states:

> Unless otherwise ordered by the court, all motions will be decided by the court
> without oral argument. Counsel shall not appear on the date the motion is noted

unless directed by the court. A party desiring oral argument shall so indicate by including the words "ORAL ARGUMENT REQUESTED" in the caption of its motion or responsive memorandum. If a request for oral argument is granted, the clerk will notify the parties of the date and time for argument.

Plaintiff states that he is incarcerated and unable to call the court or be present for hearings.  Dkt. 14.  But a party does not need to be present for the court to rule on pending motions.  Mr. White provides no reason for any deviation from the normal course of business.  The undersigned denies Mr. White's motion for telephonic hearings.

B.       Amendment of the complaint.

Mr. White's second motion is a request to file an amended complaint. Dkt. 16.  Defendants oppose Mr. White's motion.  Dkt. 18.  The defendants in the action are Kimberly Johansson and Bernie Warner.  Dkt. 5.  While plaintiff nominally names the Washington State Department of Corrections in the caption, in the body of the compliant he has added "c/o Bernie Warner Secretary of DOC" whom he then names as a defendant in both his official and personal capacity. Dkt. 5, p. 2.

**BACKGROUND**

Plaintiff filed this action alleging that funds were improperly taken from him to satisfy costs of community supervision.  Dkt. 5, pp. 3-4.  The funds were assessed against him once in October of 2001 and again in July of 2010.  Dkt. 5, p. 3.  The first assessment was for two debts, one for $620 and one for $900.72.  Dkt. 5, p. 3, ¶ 21.  Mr. White states that the second assessment was for $220.  Dkt. 5, p. 3 ¶ 22.

In the complaint Mr. White says that when the Department of Corrections collected $42.99 cents from him on an undisclosed date he notified defendant Johansson that there was an error and he states that she refused to correct the error.  Dkt. 5, p. 4.  The documents attached to the complaint show plaintiff sending a letter of inquiry regarding his $220 dollar debt on

September 5, 2011.  Dkt. 5, p. 39.  Defendant Johansson responded September 12, 2011.  Dkt. 5.

p. 41.

On May 16, 2014 Defendants filed a motion to dismiss that is noted for consideration

June, 20, 2014.  Dkt. 9.  Plaintiff filed a motion to amend the complaint over two months later on

August 28, 2014.  Dkt. 16.

STANDARD OF REVIEW

Fed. R. Civ. P. 15(a) addresses amendment of the complaint before trial and states:

(a) Amendments Before Trial.

(1) Amending as a Matter of Course. A party may amend its pleading once as a
matter of course within:

(A) 21 days after serving it, or

(B) if the pleading is one to which a responsive pleading is required, 21 days after
service of a responsive pleading or 21 days after service of a motion under Rule
12(b), (e), or (f), whichever is earlier.

(2) Other Amendments. In all other cases, a party may amend its pleading only
with the opposing party's written consent or the court's leave. The court should
freely give leave when justice so requires.

Fed. R. Civ. P. 15(a)(2) applies to this case because plaintiff filed his motion to amend (Dkt. 16)

more than 21 days after defendants filed their motion to dismiss.

A court's decision to deny a motion to amend is reviewed for abuse of discretion, but

there are policy reasons for liberally granting motions to amend when justice so requires.

*Sweaney v. Ada County*, 119 F.3d 1385, 1392 (9th Cir, 1997).  The factors considered include

undue delay, bad faith, prejudice to the opponent, and futility.  *Id.  See also Foman v. Davis*, 371

U.S. 178, 182 (1962).

Neither delay nor prejudice provides a reason for denial of plaintiff's motion.  While it

has been two months since the filing of defendants' motion to dismiss the Court has not issued a

1   scheduling order in this action and defendants cannot show prejudice if the complaint is

2   amended.

3        The undersigned notes that Mr. White has not properly complied with Local Civil Rule

4   15 in bringing his motion to amend a pleading.  Local Rule 15 states:

5        A party who moves for leave to amend a pleading, or who seeks to amend a
        pleading by stipulation and order, must attach a copy of the proposed amended
6       pleading as an exhibit to the motion or stipulation. The party must indicate on the
        proposed amended pleading how it differs from the pleading that it amends by
7       bracketing or striking through the text to be deleted and underlining or
        highlighting the text to be added. The proposed amended pleading must not
8       incorporate by reference any part of the preceding pleading, including exhibits. If
        a motion or stipulation for leave to amend is granted, the party whose pleading
9       was amended must file and serve the amended pleading on all parties within
        fourteen (14) days of the filing of the order granting leave to amend, unless the
10     court orders otherwise.

11        While Mr. White's failure to comply with the Local Civil Rule is grounds for denying his

12   motion, however, a careful look at the file shows that Mr. White outlined his proposed changes

13   in his two page motion.  Dkt. 16.  Further, Mr. White's failure to follow the Court's Local Rule

14   did not prevent defendants from responding and arguing that the proposed amended complaint

15   only adds a RICO claim.  Dkt. 18.  Defendants argue that the proposed amended complaint fails

16   to state a claim and is futile.  *Id.*

17        The failure to state a claim and futility arguments in this case would best be addressed in

18   a dispositive motion where plaintiff has a full opportunity to address defendants' arguments.

19   Recognizing that courts liberally allow amendment of complaints the undersigned **GRANTS** Mr.

20   White's motion to amend.  Dkt. 16.  Granting this motion means that defendants will either have

21   to re-note the currently pending motion to dismiss or otherwise respond to the amended

22   complaint.  Plaintiff's pending motion for summary judgment remains noted for September 19,

23   2014.  Dkt. 17.

24

ORDER - 4

1        The Clerk's Office is directed to remove Dkt. 9, 14, and 16 from the calendar and send

2 plaintiff a copy of this order.

3

4        **DATED** this 10th day of September, 2014.

5

6

7

8

9

10                         Karen L. Strombom
                         United States Magistrate Judge

11

12

13

14

15

16

17

18

19

20

21

22

23

24

ORDER - 5