UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| TONY KIM WHITE,<br><br>                         Plaintiff,<br><br>   v.<br><br>KIM JOHANSSON, BERNIE WARNER,<br>THE WASHINGTON STATE<br>DEPARTMENT OF CORRECTIONS,<br><br>                   Defendants. | No. C14-5226 RJB/KLS<br><br>**REPORT AND RECOMMENDATION**<br>**Noted For: December 19, 2014** |

Before the Court is plaintiff's motion for a temporary restraining order.  Dkt. 27.  The undersigned Magistrate Judge recommends denying the motion as the relief sought is not related to the complaint.

Plaintiff, Tony Kim White, asks the Court to enter a temporary injunction to prevent personnel at the Airway Heights Corrections Center (AHCC) from proceeding with infractions and cell searches.  Dkt. 27.  Plaintiff alleges that personnel at AHCC searched his cell on September 20, 2014, and that ten days later prison officials infracted him, telling him that the cell search was the result of an informant naming him as a person strong arming other inmates for store items.  Dkt. 27-1, p. 1-3.  Plaintiff alleges that he was able to produce a receipt for a store item, "Whipper Mix," and it was returned to him, but that as a result of the search he is being

REPORT AND RECOMMENDATION - 1

forced to prove that he owns all items in his cell.  Dkt. 27-1, p. 1-3.  Plaintiff states in his affidavit that he is being infracted for trading or lending his legal research and books.  *Id.*

In his complaint plaintiff alleges that the named defendants, none of whom work at AHCC, improperly took money from his prison trust account to pay for the costs of supervision.  Dkt. 21.  Thus, the conduct plaintiff asks the court to enjoin is wholly unrelated to the allegations in the complaint.  Dkt. 21 and 27.

## DISCUSSION

Under the Prison Litigation Reform Act, 18 U.S.C. § 3626, a plaintiff is not entitled to prospective relief unless a court enters the necessary findings required by the Act:

> The court shall not grant or approve any prospective relief unless the court finds that such relief is narrowly drawn, extends no further than necessary to correct the violation of a Federal right, and is the least intrusive means necessary to correct the violation of the Federal right. The court shall give substantial weight to any adverse impact on public safety or the operation of a criminal justice system caused by the relief.

18 U.S.C. § 3626(a)(1)(A).

The purpose of preliminary injunctive relief is to preserve the status quo or to prevent irreparable injury pending the resolution of the underlying claim.  *Sierra On-line, Inc. v. Phoenix Software, Inc.*, 739 F.2d 1415, 1422 (9th Cir. 1984).  When seeking injunctive relief, the moving party must show "either (1) 'a likelihood of success on the merits and the possibility of irreparable injury' or (2) 'the existence of serious questions going to the merits and the balance of hardships tipping in [the movant's] favor.'"  *Nike, Inc. v. McCarthy*, 379 F.3d 576, 580 (9th Cir. 2004)(quoting *Gilder v. PGA Tour, Inc.*, 936 F.2d 417, 422 (9th Cir. 1991)).  These two alternatives represent extremes of a single continuum, rather than two separate tests.  Thus, the greater the relative hardship to the movant, the less probability of success must be shown.

REPORT AND RECOMMENDATION - 2

1   *Walczak v. EPL Prolong, Inc.*, 198 F.3d 725, 731 (9th Cir. 1999).  Under either test, the movant

2   bears the burden of persuasion.  *Mattel, Inc. v. Greiner & Hausser GmbH*, 354 F.3d 857, 869

3   (9th Cir. 2003).

4           Mr. White cannot meet this burden of persuasion.  First, neither AHCC nor its personnel

5   are a party to this lawsuit.  This Court cannot issue an order against individuals who are not

6   parties to a suit pending before it.  *See Zenith Radio Corp. v. Hazeltine Research, Inc.,* 395 U.S.

7   100 (1969).   Secondly, the issues and relief sought in Mr. White's motion are completely

8   unrelated to the claims raised in this lawsuit.  In this lawsuit, Mr. White claims that funds were

9   improperly taken for cost of supervision. Dkt. 21.  In a preliminary injunction, it is appropriate

10  to grant "intermediate relief of the same character as that which may be granted finally." *De*

11  *Beers Consol. Mines v. U.S.*, 325 U.S. 212, 220 (1945); *Kaimowitz v. Orlando*, 122 F.3d 41, 43

12  (11th Cir. 1997). "Plaintiff may not file a complaint in federal court and then use the action as a

13  forum for airing unrelated grievances concerning his incarceration." *Cepero v. High Desert State*

14  *Prison*, 2014 WL 27772310 at *2 quoting; *Johnson v. Alvarez*, 2; 2012 WL 398443, at *4 (D,

15  Nev. Feb. 7, 2012); *see also De Beers Consol. Mines v. United States*, 325 U.S. 212, 220 (1945).

16  A court should not issue an injunction when the relief sought is not of the same character and the

17  injunction deals with a matter lying wholly outside the issues in the underlying action.

18  *Kaimowitz v. Orlando*, 122 F.3d 41, 43 (11th Cir. 1997).

19                                          **CONCLUSION**

20          The undersigned recommends that Mr. White's motion for injunctive relief (Dkt. 27) be

21  **DENIED** because it seeks injunctive relief against a non-party and it is not based upon the claim

22  in the underlying suit.

REPORT AND RECOMMENDATION - 3

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties shall have ten (10) days from service of this Report to file written objections. *See also* Fed. R. Civ. P. 6.  Failure to file objections will result in a waiver of those objections for purposes of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985).  Accommodating the time limit imposed by Rule 72(b), the Clerk is directed to set the matter for consideration on **December 19, 2014**, as noted in the caption.

DATED this 1st day of December, 2014.


Karen L. Strombom
United States Magistrate Judge

REPORT AND RECOMMENDATION - 4