1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

TONY KIM WHITE,

                              Plaintiff,

        v.

KIMBERLY JOHANSSON, BERNIE
WARNER, THE WASHINGTON STATE
DEPARTMENT OF CORRECTIONS,

                              Defendants.

No. C14-5226 RJB/KLS

**REPORT AND RECOMMENDATION**
**Noted For: February 6, 2015**

        The District Court has referred this 42 U.S.C. § 1983 civil rights action to United States

Magistrate Judge Karen L. Strombom pursuant to 28 U.S.C. § 636(b)(1)(A) and (B), and local

Magistrate Judge Rules MJR1, MJR3 and MJR4.

BACKGROUND

        Mr. White asserts that the Department of Corrections (DOC) improperly deducted 20%

of his paycheck for the cost of community supervision (COS).  He seeks compensatory and

punitive damages from the Defendants as well as equitable relief.

        The named defendants are the Department of Corrections c/o Bernie Warner, Secretary of

DOC and Kimberly Johansson, who is a DOC employee working in Olympia.

        Mr. White filed a Motion for Summary Judgment (Dkt. 17) but he did not file any

additional documents in support of his motion.  The Defendants' filed a Motion to Dismiss.  Dkt.

REPORT AND RECOMMENDATION - 1

23.  After careful consideration, the undersigned recommends that the Defendants' motion to dismiss be granted.

FACTS

Mr. White challenges DOC's assessment of costs of supervision against him and the taking of funds from his prison trust account to pay the costs.  According to the facts set forth in Mr. White's First Amended Complaint (Dkt. 21), on October 24, 2001 the Department of Corrections assessed two amounts for costs of supervision against Mr. White.  The first was in the amount of $620 for a misdemeanor conviction out of Pierce County and the second was in the amount of $900.72 for a felony conviction out of Pierce County.  While incarcerated with the Department of Corrections and once he was given a job, the DOC began deducting 20% from his paycheck on December 15, 2001 as payment to the costs of supervision.  This continued until he was released in 2008.

On June 26, 2010, the DOC assessed Mr. White $220 for another cost of supervision.  According to Mr. White, this assessment occurred while he was in custody in the Pierce County Jail awaiting trial and that he was not under DOC supervision at that time.  He was again committed into the custody of DOC on December 21, 2010.  He subsequently obtained a job and on June 10, 2011 DOC again began deducting 20% from his paycheck for the $220 costs of supervision.

Mr. White wrote a letter to the COS/LFO Unit at DOC HQ in Olympia.  The Defendant, Kimberly Johansson, sent a form letter to Mr. White in response to his letter[1].  This letter appears to be the only involvement Ms. Johansson had in Mr. White's case.  In the form letter Mr. White

---

[1] Mr. White attached numerous exhibits to his original Complaint.  Dkt. 5.  He did not, however, attach any exhibits to his First Amended Complaint even though he made reference to exhibits.  The letter he received from Ms. Johansen was Exhibit G to the original complaint.

REPORT AND RECOMMENDATION - 2

first learned that he could file a complaint regarding the assessed COS fees, which he did.  On October 3, 2011, the month following Mr. White's filing of his complaint, he received his institutional monthly statement.  This new statement showed that the $220 COS was reset to zero.  However, the $42.99 that was already deducted for the COS was never returned to Mr. White.

Mr. White also asserts that the COS in the amount of $620 and $900.72 were wrongfully assessed.  Defendants contend that by October of 2011 plaintiff owed no further payments and his cost of supervision debt was zero.  Dkt. 23, p. 4. Dkt. 5, pp. 45 and 47.

## STANDARDS OF REVIEW

### A.  PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT.

Summary judgment is appropriate when, viewing the evidence in the light most favorable to the nonmoving party, there exists "no genuine dispute as to any material fact" such that "the movant is entitled to judgment as a matter of law."  *See* Fed. R. Civ. P. 56(a); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).  Material facts are facts which might affect the outcome of the pending action under governing law.  *See Anderson*, 477 U.S. at 248.  Genuine disputes are those for which the evidence is such that "a reasonable jury could return a verdict for the nonmoving party."  *Id*.

In response to a properly supported summary judgment motion, the nonmoving party may not rest upon mere allegations or denials in the pleadings, but must set forth specific facts demonstrating a genuine issue of fact for trial and produce evidence sufficient to establish the existence of the elements essential to his case.  Fed. R. Civ. P. 56(e).  A mere scintilla of evidence is insufficient to create a factual dispute.  *See Anderson*, 477 U.S. at 252.  In ruling on a motion for summary judgment, the court is required to draw all inferences in a light most

REPORT AND RECOMMENDATION - 3

favorable to the nonmoving party. *Id.* at 248. The court may not weigh the evidence or make

credibility determinations. *Id.* A court "need not examine the entire file for evidence

establishing a genuine issue of fact, where the evidence is not set forth in the opposing papers

with adequate references so that it could conveniently be found." *Carmen v. San Francisco

Unified School District*, 237 F.3d 1026, 1031 (9th Cir. 2001). This is true even when a party

appears *pro se*. *Bias v. Moynihan*, 508 F.3d 1212, 1219 (9th Cir. 2007).

      B.     DEFENDANTS' MOTION TO DISMISS.

      A court may grant a motion to dismiss for failure to state a claim under Fed. R. Civ. P.

12(b)(6), "if it appears beyond doubt that the plaintiff can prove no set of facts in support of his

claim that would entitle him to relief." *Keniston v. Roberts*, 717 F.2d 1295, 1300 (9th Cir. 1983)

(quoting *Conley v. Gibson*, 355 U.S. 41, 45-46 [1957]). "Dismissal can be based on the lack of a

cognizable legal theory or the absence of sufficient facts alleged under a cognizable theory."

*Balistreri v. Pacifica Police Dept.*, 901 F.2d 696, 699 (9th Cir. 1990).

      On a motion to dismiss, material allegations in the complaint are taken as admitted and

the complaint is liberally construed in favor of plaintiff. *Jenkins v. McKeithen*, 395 U.S. 411,

421 (1969), *reh'g denied*, 396 U.S. 869 (1969); *Sherman v. Yakahi*, 549 F.2d 1287, 1290 (9th

Cir. 1977). Where a plaintiff is proceeding *pro se*, his allegations must be viewed under a less

stringent standard than allegations of plaintiffs represented by counsel. *Haines v. Kerner*, 404

U.S. 519 (1972), *reh'g denied*, 405 U.S. 948 (1972). While the court can liberally construe a

plaintiff's complaint, it cannot supply an essential fact an inmate has failed to plead. *Pena v.

Gardner*, 976 F.2d 469, 471 (9th Cir. 1992) (quoting *Ivey v. Board of Regents of University of

Alaska*, 673 F.2d 266, 268 (9th Cir. 1982)).

/

REPORT AND RECOMMENDATION - 4

DISCUSSION

In order to state a violation of 42 U.S.C. § 1983, the plaintiff must specifically identify each person being sued.  He must also allege facts showing that the person was acting under color of state law and that their conduct deprived plaintiff of rights, privileges or immunities secured by the Constitution or laws of the United States.  *Parratt v. Taylor*, 451 U.S. 527, 535, (1981) (overruled in part on other grounds); *Daniels v. Williams*, 474 U.S. 327, 330-31, (1986).  When a plaintiff fails to allege or establish one of these elements, his complaint must be dismissed.  That plaintiff may have suffered harm, even if due to another's negligent conduct, does not in itself necessarily demonstrate an abridgment of constitutional protections.  *Davidson v. Cannon*, 474 U.S. 344, 106 S. Ct. 668 (1986).  Vague and conclusory allegations of official participation in civil rights violations are not sufficient to withstand a motion to dismiss.  *Pena v. Gardner*, 976 F.2d 469, 471 (9th Cir. 1992).

Causation and personal participation are closely related concepts.  In order to obtain relief against a defendant under 42 U.S.C. §1983, a plaintiff must prove that the particular defendant has caused or personally participated in causing the deprivation of a particular protected constitutional right.  *Arnold v. International Business Machines Corp.*, 637 F.2d 1350, 1355 (9th Cir. 1981); *Sherman v. Yakahi*, 549 F.2d 1287, 1290 (9th Cir. 1977).  To be liable for "causing" the deprivation of a constitutional right, the particular defendant must commit an affirmative act, or omit to perform an act, that he or she is legally required to do, and the conduct must cause the plaintiff's deprivation.  *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978).

The inquiry into causation must be individualized and focus on the duties and responsibilities of each individual defendant whose acts or omissions are alleged to have caused a constitutional deprivation.  *Leer v. Murphy*, 844 F.2d 628, 633 (9th Cir. 1988); *see also Rizzo v.*

REPORT AND RECOMMENDATION - 5

*Goode*, 423 U.S. 362, 370-71, 375-77 (1976).  Sweeping conclusory allegations against an official are insufficient to state a claim for relief.  The plaintiff must set forth specific facts showing a causal connection between each defendant's actions and the harm allegedly suffered by plaintiff.  *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980); *Rizzo*, 423 U.S. at 371.  The named defendants in this action are Kimberly Johansson, Bernie Warner, and the Washington State Department of Corrections.  Dkt. 21, pp 1-2.

A.      Defendant Johansson.

The only action taken by defendant Johansson was her response to plaintiff's initial letter inquiring as to the nature of $220 debt.  Dkt. 21.  Plaintiff said he attempted to get the $42.99 refunded, but he does not allege any action or inaction on the part of Ms. Johansson.  Dkt. 21.

Plaintiff fails to show that defendant Johansson's actions caused him any injury.  The debts in question had been assessed and collected prior to defendant Johansson sending plaintiff a form letter explaining the nature of his debt.

To the extent that plaintiff alleges that this defendant refused to correct an error after it was brought to her attention (Dkt. 21 p. 4, ¶ 34), plaintiff fails to show that Defendant Johansson either received his later letters or that she was in a position to take action and refund money to him.  Further, the state provides due process for intentional unauthorized takings through the states tort claim act and plaintiff's remedy is a state court action.

An unauthorized intentional deprivation of property by a state employee does not constitute a violation of the Fourteenth Amendment if a meaningful post-deprivation remedy for the loss is available under state law.  *Hudson v. Palmer*, 468 U.S. 517, 534 (1984). The State of Washington provides a meaningful post-deprivation remedy for the intentional or negligent loss

REPORT AND RECOMMENDATION - 6

of property by state agents and employees. *Jeffries v. Reed*, 631 F. Supp. 1212, 1216 (E.D. Wa. 1986). The undersigned recommends granting this defendant's motion to dismiss.

B.     Bernie Warner.

Bernie Warner is the Secretary of the Department of Corrections. Other than being named in the caption and being nominally named as the Department of Corrections c/o Bernie Warner, there are no facts in the complaint regarding any action taken by this defendant. A defendant cannot be held liable under 42 U.S.C. § 1983 solely on the basis of a supervisory responsibility or position. *Monell v. New York City Dept. of Social Services*, 436 U.S. 658, 694 n.58 (1978). Thus, the theory of *respondeat superior* is not sufficient to state a claim under § 1983. *Padway v. Palches*, 665 F.2d 965, 968 (9th Cir. 1982).

Plaintiff must allege facts showing how defendant caused or personally participated in causing the harm alleged in the complaint. *Arnold v. IBM*, 637 F.2d 1350, 1355 (9th Cir. 1981). A § 1983 suit cannot be based on vicarious liability alone, but must allege that defendant's own conduct violated plaintiff's civil rights. *City of Canton v. Harris*, 489 U.S. 378, 385-90 (1989).

The undersigned recommends granting defendant Warner's motion to dismiss as plaintiff fails to raise any allegation that implicates this defendant.

C.     The Department of Corrections.

 Plaintiff names the Department of Corrections as a defendant. Dkt. 21. Neither states nor state officials acting in their official capacities are "persons" for purposes of 42 U.S.C. § 1983. *Will v. Michigan Dept. of State Police*, 491 U.S. 58, 71 (1989). Section 1983 claims against states, therefore, are legally frivolous. *Jackson v. Arizona*, 885 F.2d 639, 641 (9th Cir. 1989). This rule applies equally to state agencies. *Kaimowitz v. Board of Trustees of the Univ. of Ill.*, 951 F.2d 765, 767 (7th Cir. 1991); *Johnson v. Rodriguez*, 943 F.2d 104, 108 (1st Cir.

REPORT AND RECOMMENDATION - 7

1   1991).  A governmental agency that is an arm of the state is not a "person" for purposes of §

2   1983. *Howlett v. Rose*, 496 U.S. 356, 365 (1990); *Flint v. Dennison*, 488 F.3d 816, 824-25 (9th

3   Cir. 2007).  The undersigned recommends granting this defendant's motion to dismiss.

4          D.     Injunctive relief.

5          In his prayer for relief plaintiff asks that the amount of money he has paid not be

6   subjected to mandatory deductions under RCW 72.09.480.  Dkt. 21, p. 6 ¶45.  Plaintiff also asks

7   for injunctive relief to prevent the Department of Corrections from collecting fees unless the

8   inmate is actually on community supervision.

9

10          The parties agree that plaintiff has paid all outstanding community supervision fees.

11   Thus, he is not currently being charged with those fees and he cannot show a live case and

12   controversy that would allow the Court to consider his request for injunctive relief.  In order to

13   seek any form of injunctive relief a plaintiff must show threat of irreparable injury that is real

14   and immediate, not conjectural or speculative.  *O'Shea v. Littleton,* 414 U.S. 488, 494 (1974).

15   Past exposure to community supervision fees does not in and of itself present a case or

16   controversy as it is unaccompanied by any continuing adverse effect.  *See Generally, O'Shea v.*

17   *Littleton*, 414 U.S., at 495-6.   Plaintiff cannot proceed with his injunctive relief claims.  Further,

18   defendants state the funds were taken from plaintiff's account pursuant to RCW 72.09.450(2)

19   and not RCW 72.09.480.  Dkt. 23, pp 22-23.  RCW 72.09.450(2) states that:

20
          The department shall record all lawfully authorized assessments for services or
21          supplies as a debt to the department. The department shall recoup the assessments
          when the inmate's institutional account exceeds the indigency standard, and may
22          pursue other remedies to recoup the assessments after the period of incarceration.

23          Plaintiff fails to show the Department of Corrections acted improperly in recording his

24   debt on his inmate trust account or collecting this debt.  This is true even though there is a

25

26

REPORT AND RECOMMENDATION - 8

disagreement on the amount owed.  The Court recommends denying plaintiff's motion for

summary judgment on this issue as he does not have a live case and controversy and he does not

show that as a matter of law he is entitled to summary judgment on this issue.

        D.      Eighth Amendment claims.

        Plaintiff alleges the fees collected violate the Eighth Amendment because they were in

excess of the amount allowed by statute.  The statute plaintiff relies on, RCW 9.94A.780, was

amended in 2011.  The prior version, under which plaintiff's funds were taken, did not cap the

amount that could be assessed.  In 2011, when the legislature amended the statute and limited the

amount that could be taken, the legislature carved out an exception for prior debts. Prior debts

were converted to a one-time fee not to exceed $600.  *See* RCW 9.94A.780.

        Further, because the amount assessed is related to the cost of community supervision that

the court sentenced a plaintiff to serve, plaintiff cannot show a violation of the Eighth

Amendment's prohibition against excessive fines.  "By definition, it seems that a fine base on a

criminal's cost of incarceration will always be proportional to the crime committed." *Wright v.

Riveland*, 219 F.3d 905, 917 (9th Cir. 2000).  The Court recommends denial of plaintiff's motion

for summary judgment on this issue.

**CONCLUSION**

        The undersigned recommends that Mr. White's motion for summary judgment (Dkt. 17)

be **DENIED.**  The undersigned recommends that Defendants motion to dismiss be **GRANTED**

for the reasons set forth above.

        Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil

Procedure, the parties shall have ten (10) days from service of this Report to file written

objections.  *See also* Fed. R. Civ. P. 6.  Failure to file objections will result in a waiver of those

REPORT AND RECOMMENDATION - 9

1   objections for purposes of appeal.  *Thomas v. Arn*, 474 U.S. 140 (1985).  Accommodating the

2   time limit imposed by Rule 72(b), the Clerk is directed to set the matter for consideration on

3   **February 6, 2015**, as noted in the caption.

4         DATED this 12th day of January, 2015.

6

7                                          Karen L. Strombom
                                           United States Magistrate Judge
8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

REPORT AND RECOMMENDATION - 10